**UNITED STATES of America, Plaintiff–Appellee**

v.

**Andre McDANIELS, Defendant–Appellant.**

**No. 13–20376
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 3, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Gregory L. Ahlgren, Esq., Ahlgren Law Firm, Laredo, TX, for Defendant–Appellant.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Andre McDaniels appeals the sentences imposed following his guilty-plea conviction on nine counts of tampering with a witness by corrupt persuasion. The district court sentenced him to 78 months of imprisonment on each count, with those sentences to run concurrently with each other but consecutively to federal sentences that McDaniels was already serving following prior convictions on charges of coercion and enticement.

McDaniels argues that the sentences imposed by the district court were substantively unreasonable because the district court did not afford adequate weight to the applicable guidelines range—U.S.S.G. § 5G1.3 in particular—in its balancing of the 18 U.S.C. § 3553(a) factors. *See Gall v. United States,* 552 U.S. 38, 50–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). He did not object on this basis in the district court, however, so plain error review applies. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007). McDaniels does not attempt to show that the alleged error either "affected [his] substantial rights" or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," however, so he cannot establish reversible plain error. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (internal quotation marks and citations omitted); *see also United States v. Williams,* 620 F.3d 483, 496 (5th Cir.2010).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.